## OTTO ERNST

*v.*

## J. D. McCHESNEY.

*Opinion filed October 19, 1900.*

1. CONVEYANCES—*when acceptance of deed in satisfaction of mortgage is binding.* Acceptance of a conveyance of mortgaged property by the holder of the mortgage, as a satisfaction thereof, will be regarded as complete and binding although the mortgagee, who was the grantee in the deed, was absent when the deed was made, where the business was done and the note and mortgage surrendered by the brother and business partner of such grantee in pursuance of previous negotiations, and where the deed was recorded after the grantee's return and no re-conveyance or repudiation by such grantee attempted for more than three months thereafter.

2. SAME—*effect of re-conveyance of property and return of trust deed—priority.* An authorized conveyance by warranty deed, subject to a mortgage, to the holder of a note secured by a trust deed upon the property, which note and trust deed were surrendered to the grantor, fixes the rights of the parties; and the subsequent re-conveyance to the first grantor, and the return by him of the canceled note and trust deed, do not restore the priority of the trust deed over the mortgage, to which the warranty deed was subject.

*McChesney* v. *Ernst,* 89 Ill. App. 164, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. GEORGE W. BROWN, Judge, presiding.

LOESCH BROS. & HOWELL, for appellant.

L. C. COOPER, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This was a bill in equity filed by appellant, against the appellee and others, for the purpose of foreclosing a mortgage or trust deed upon certain premises therein described, which mortgage or trust deed was executed

by W. H. Ehlers and wife to Leo Ernst as trustee, to se-
cure the payment of a note for $1000, dated May 1, 1891,
at six per cent per annum. The note was drawn payable
to the order of said Ehlers, and was endorsed in blank
and belonged to appellant.

The transactions out of which the controversy in this
case arises were substantially as follows: William H.
Ehlers, on March 1, 1890, executed a mortgage to J. D.
and E. H. McChesney upon a portion of the premises in
controversy, known and called by the parties the "front
half," to secure the payment of one promissory note for
the sum .of $600, bearing even date with the mortgage
and due in three years after its date, with interest at
seven per cent per annum. This mortgage was recorded
March 3, 1890. On October 22, 1890, said William H. Eh-
lers executed to one Saunders a mortgage on the "back
half" of the same premises to secure the payment of a
note for $250, payable to Saunders three years after its
date, with six per cent interest. This mortgage was
recorded October 23, 1890. It will be observed both of
these mortgages were of record before the mortgage ap-
pellant seeks to foreclose was executed. Saunders sub-
sequently sold and assigned his mortgage to appellee,
J. D. McChesney, who, on March 1, 1894, was the owner
of both said mortgages last mentioned, having acquired
the interest of his brother, E. H. McChesney, in the $600
mortgage, as well as the interest of Saunders in the one
for $250. Both of said mortgages were past due and
unpaid on said first day of March, 1894. On that date
Ehlers and wife executed to J. D. McChesney a mortgage
on both of said tracts of land to secure the payment of
one promissory note of even date therewith, executed by
William H. Ehlers to said J. D. McChesney, for the sum
of $800, payable three years after its date, with interest
at the rate of seven per cent per annum. Said last men-
tioned mortgage was filed for record on March 3, 1894,
and duly recorded, and on the same date releases were

filed discharging the mortgages for $600 and $250, respectively, theretofore owned by said J. D. McChesney. There is no dispute that the mortgage for $800 was taken in lieu of the actual sum then due J. D. McChesney upon the $600 and $250 notes and mortgages theretofore held and owned by him. On July 1, 1897, a warranty deed was executed by Ehlers, purporting to convey to said Otto Ernst, appellant, by warranty deed, all the property in controversy, which deed, however, contained the following clause or condition: "Subject to a mortgage of $800 now on the above described property and dated March 1, 1894, which he (Otto Ernst) assumes and agrees to pay; also all taxes and assessments subsequent to the year 1896." The deed was delivered to Leo Ernst, trustee and brother of Otto Ernst, and said trustee surrendered to Ehlers the mortgage or trust deed executed May 1, 1891, sought here to be foreclosed, and also the note for $1000 which it secured, upon which note were written the words: "This note is canceled by the giving of a warranty deed." The writing was done by Leo Ernst, the trustee. Otto Ernst, the appellant, was absent temporarily when the deed was executed and delivered and the note and trust deed surrendered. He returned about a week thereafter. The deed to him had not been recorded when he returned, but was placed on record August 2, 1897. On October 20, 1897, appellant and wife executed a deed re-conveying the premises to Ehlers, which they tendered him and demanded the return of the trust deed and the note. Afterwards Ehlers surrendered the trust deed, but the note had been lost or destroyed and was not returned.

Appellant's bill was framed on the theory the conveyance by Ehlers to appellant was wholly unauthorized by appellant and was not ratified by him but was repudiated and re-conveyance made to Ehlers by appellant; that the mortgage to appellant remained in full force, notwithstanding the conveyance to appellant by Ehlers,

and that McChesney, by accepting the mortgage March 1, 1894, and releasing the two mortgages by which his debt was then secured, lost his priority as against the mortgage held by appellant, and the prayer of appellant's bill was that appellee's lien should be decreed to be secondary to that of appellant's mortgage. Appellee, by answer and also by cross-bill, set forth the facts hereinbefore stated as to the release of the two mortgages held by him and the execution of the later mortgage to secure the indebtedness secured by the two mortgages; averred actual notice to appellant of the existence of the two mortgages when and before the mortgage to appellant was executed, and insisted the conveyance by Ehlers to appellant was with full knowledge and consent of appellant, and charged the re-conveyance was a wrong and a fraud as to him.

The cause was referred to a master to take evidence and report his conclusions upon the facts and the law of the case. The master found in favor of appellee and recommended a decree giving him the prior lien upon the premises, and that the lien of Otto Ernst was subject to the rights of appellee. Otto Ernst filed exceptions to the master's report, and on a hearing in the circuit court the exceptions were sustained and a decree entered giving Otto Ernst a first lien on the premises for the payment of his $1000 mortgage. The appellee prosecuted an appeal to the Appellate Court. The Appellate Court reversed the decree and remanded the cause, with directions to the circuit court to enter a decree declaring the lien of appellee's mortgage superior to all rights, interests, claim or liens of appellant in the premises.

We have carefully read the evidence preserved in the record, and are of the opinion that as to the appellee, McChesney, the appellant is to be regarded as having been invested by the deed from Ehlers with the title to the premises subject to the mortgage debt of the appellee. We adopt as expressive of our views on that point

the following extract from the opinion of the Appellate
Court, though it is proper we should add that the fact
the deed to Ehlers was not of record when the appellant
returned to his home and that it was placed of record
some three weeks thereafter, and nearly eleven weeks
elapsed after the recording thereof before appellant in
any manner indicated dissatisfaction with the transac-
tion, is entitled to weight and consideration in addition
to the circumstances recited by the Appellate Court:

"We are of the opinion that appellant was bound by
the taking of the warranty deed from Ehlers subject to
appellee's mortgage. All the evidence considered, we
think it does not appear that the transaction was unau-
thorized by appellant. It is not denied that negotiations
looking to such a transaction were had between Otto
Ernst and Ehlers several months before it was finally
carried out by the execution of the deed and surrender
of the note and mortgage. It is so testified to by Ehlers,
and we think no one disputes it. Leo Ernst, the trustee,
was a brother of Otto, his partner in business, and their
affairs seem to have been intimately connected with each
other. The deed from Ehlers to appellant was dated
July 1, 1897, and Leo Ernst testifies that before that
date he had a conversation with appellant in which it
was stated that Ehlers was willing to deed the property.
Shortly afterwards, during the temporary absence of Otto
from the city, Leo accepted from Ehlers a deed for the
property, subject to the McChesney mortgage, and sur-
rendered the note and mortgage for $1000, as we have
already stated. This transaction was communicated to
Otto Ernst immediately upon his return, which was with-
in a week or so after the transfer took place. Appellant
did not then repudiate the transaction nor claim it was
unauthorized. So far as the evidence shows, he waited
nearly four months before he raised any objection and
asked Ehlers to return the trust deed and notes which had
been surrendered to him. Under the circumstances, and

in view of the conduct of the parties and the relations of Leo Ernst and appellant, we are disposed to hold that Otto Ernst was bound by the acts of the trustee, Leo Ernst. His subsequent conduct was entirely inconsistent with the claim now made that Leo Ernst acted without authority. If we are correct in the conclusion that appellant authorized the deeding of the property to him by Ehlers and the surrender of the $1000 note and mortgage, and that the same was a valid transaction as against appellant, whereby appellant had obtained valuable rights, then, under the principles laid down in the majority opinion in *Bay* v. *Williams*, 112 Ill. 91, after appellant's rights were fixed it was not in the power of Ehlers to release them, and the mere deeding back the property to him by appellant and the return of the canceled note and trust deed would not have that effect."

This disposition of the cause is in accord with the real justice of the claims of the parties. When appellant accepted the note and mortgage he seeks to foreclose, the property was subject to the mortgages securing the indebtedness now due to appellee, McChesney. These mortgages stood of record and were equitably and legally prior liens to the mortgage taken by appellant. The indebtedness secured by them remains unpaid, save a payment in the sum of $50, by which sum the amount thereof is now reduced. The action of the appellee in accepting the subsequent mortgage to secure this indebtedness, whatever its effect might have been in the absence of the conveyance of the title to appellant, in which was incorporated the obligation of the appellant to pay the indebtedness to appellee, did not, in natural justice and right, change the relative relation of the respective indebtedness to appellant and appellee.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*